BARFIELD, J.
Timothy C. Thorsen (Appellant) appeals portions of a final judgment dissolving his marriage to Lisa E. Thorsen (Appellee). We affirm the award of permanent periodic alimony to Appellee and the designation of Appellee as primary residential parent. We also find that the trial judge did not abuse her discretion in ordering the sale of a boat. We reverse, however, the portions of the final judgment regarding application of proceeds from the sale of the boat and the award of one-half of the equity in the home to Appellant.
At the time of the final hearing, foreclosure proceedings were pending with regard to the marital home. The trial judge attempted to allocate assets and liabilities both in the event the marital home was sold as a result of the foreclosure proceedings or in the event the parties were able to retain the home. In the findings of fact, the trial judge stated that Appellee would be responsible for the entire debt on the home if the parties retained the asset and that Appellant would be entitled to one-half of the equity in the home as of September 2002 which could be paid from Appellee’s one-half of the profit from the sale of the boat, if any, or in such a manner as agreed to in writing by the parties. In the decretal portion of the order, the trial judge ordered that if the parties were able to retain the home, Ap-pellee would be responsible for the debt owed on the home, Appellant would be awarded one-half of the equity in the home as of September 2002, and that the boat be sold and any proceeds (after payment of the loan for which the boat was used as collateral) be applied toward a debt secured by a second mortgage on the marital home. The final judgment is ambiguous regarding application of the net proceeds from the sale of the boat.
Additionally, there is no specific provision in the decretal portion of the judgment stating how or when Appellee must pay Appellant his one-half of the equity in the home, and it appears extremely unlikely based on the final hearing that the parties themselves will be able to agree. If any net proceeds are paid on the debt encumbering the home, it is unclear how Appellee would pay Appellant his one-half equity in the home. At the time of the final hearing, Appellee’s net income was $1,833.00 per month. The boat and the marital home were the only two assets with any real value. The trial judge observed in the final judgment that she did not believe Appellee would be able to maintain the mortgage payments unless she found different employment.
The final judgment is also ambiguous regarding allocation of marital debt. In the decretal portion of the order, the trial judge first states that Appellee will be responsible for the debt owed on the home if the home is retained, but later states that the debt secured by a second mortgage on the home will be split equally.
We therefore reverse the final judgment with regard to the distribution of proceeds from sale of the boat, allocation of debt owed on the home, and payment of Appellant’s one-half equity in the marital home. We remand with instructions for the trial judge to make specific rulings regarding these issues. The trial judge may receive *553 any additional evidence deemed necessary for the proper resolution of the issues.[1]
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BENTON and VAN NORTWICK, JJ., concur.

. Appellant represents in his brief that the parties were able to save the home from foreclosure and that Appellee continues to reside in the home. Although the trial judge did not abuse her discretion in ordering the sale of the boat, the trial judge may choose to reconsider this portion of the final judgment on remand depending on current circumstances.